NOT FOR PUBLICATION

FILED

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKN HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>GREAT AMERICAN E & S INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant-Appellee. | No.   21-55590<br><br>D.C. No. 2:21-cv-02216-SB-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted June 17, 2022
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BENNETT,[**] District Judge.

In this insurance dispute, Plaintiff-Appellant AKN Holdings, LLC ("AKN")

asked Defendant-Appellee Great American E & S Insurance Co. ("Great American")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

to defend it in an underlying fraud action relating to the sale of a manufacturing facility in Reynosa, Mexico. This appeal turns on whether the underlying claims fall within a provision excluding coverage for claims that arise from an actual or alleged breach of contract, and whether AKN should be estopped from arguing otherwise. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **AFFIRM.**

Plaintiff-Appellant AKN Holdings, LLC ("AKN") purchased the facility from Thermo Fisher Scientific, only to discover the facility was overrun by a drug cartel. Despite suing Thermo Fisher for fraudulent concealment, AKN sold the facility to FINSA Portafolios, S.A. de C.V. ("FINSA") without revealing the cartel problem. In 2017, FINSA sued AKN in the United States District Court for the Central District of California for breach of contract and fraud-related claims (the "FINSA Action"). AKN requested that Great American defend it in the FINSA Action pursuant to a Private Equity Liability Insurance Policy providing coverage for liability arising from any "wrongful acts." Great American refused to defend AKN, citing a policy exclusion that applies to any claim "based upon, arising from, or in any way related to any actual or alleged breach of contract," unless liability "would have attached even in the absence of such contract or agreement." AKN sued Great American, and the district court granted the insurer's motion to dismiss.

**1. Judicial Estoppel:** Great American contends that AKN should be estopped from arguing that the breach of contract exclusion does not apply. Judicial estoppel

2

"precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). As the Supreme Court held in *New Hampshire v. Maine*, three considerations guide this doctrine:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

532 U.S. 742, 750–51 (2001) (citations omitted). "[J]udicial estoppel is an equitable doctrine, invoked by a court at its own discretion, and driven by the specific facts of a case." *Johnson v. State of Oregon*, 141 F.3d 1361, 1368 (9th Cir. 1998).

The first and third *New Hampshire* factors are readily satisfied. AKN's current position is clearly inconsistent with its position in the FINSA Action, where AKN persistently argued that FINSA's fraud claims "arise from," "relate to," and "are premised on" the three agreements at issue. Additionally, the proper characterization of FINSA's claims is determinative of this insurance coverage dispute. Accordingly, the applicability of judicial estoppel turns on the second factor: whether AKN was successful in persuading the district court to accept its position in the FINSA Action.

The FINSA Action was litigated twice. In 2017, AKN successfully persuaded the court that FINSA's claims arose from the contracts, resulting in the dismissal of the FINSA Action pursuant to the agreements' forum selection clause. Thereafter,

3

the Mexican court found that it lacked jurisdiction, AKN did not consent to Mexican jurisdiction, and FINSA's case was reopened in the United States. In 2020, AKN again argued that FINSA's fraud claims arose from the agreements in order to invoke the forum selection clause. This time, the district court declined to dismiss the case, concluding that Mexico was no longer an adequate forum due to AKN's failure to consent to jurisdiction. In light of this record, the question of whether judicial estoppel should apply here is not clear-cut. As AKN's success in 2017 was negated by the reopening of its case, and its second attempt at arguing *forum non conveniens* was unsuccessful, we decline to apply judicial estoppel.

**2. Duty to Defend:** Under California law, an insurer must defend its insured in any suit that "[p]otentially seeks damages within the coverage of the policy." *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176 (Cal. 1966) (in bank). The parties acknowledge that FINSA alleged "wrongful acts" within the ambit of the Policy's coverage clause. Accordingly, this appeal turns solely on whether FINSA's allegations fall within the breach of contract exclusion.

The breach of contract exclusion precludes coverage of underlying claims "arising from . . . any actual or alleged breach of a written contract or agreement" unless liability would be incurred "in the absence of such contract or agreement." Generally, "exclusionary clauses are strictly construed against the insurer and in favor of the insured," *N. Am. Building Maint., Inc. v. Fireman's Fund Ins. Co.*, 137

4

Cal. App. 4th 627, 642 (2006) (citation omitted), "while exceptions to exclusions are broadly construed in favor of the insured," *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 84 P.3d 385, 389 (Cal. 2004). Nevertheless, "California courts have interpreted the terms 'arising out of' or 'arising from' broadly: 'It is settled that this language . . . broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship.'" *Travelers Prop. Cas. Co. of Am. v. Actavis, Inc.*, 16 Cal. App. 5th 1026, 1045 (2017) (quoting *Acceptance Ins. Co. v. Syufy Ents.*, 69 Cal. App. 4th 321, 328 (1999)).

In the underlying case, FINSA alleged that AKN perpetuated a "shell-entity fraud scheme" to induce investors to purchase failing properties before escaping all liability through bankruptcy. As the fraud alleged in the FINSA Action could not be completed absent a final purchase agreement transferring the Reynosa facility to an unwitting buyer—and a subsequent default on AKN's payment obligations by declaring bankruptcy—FINSA's fraud claims could not exist without the relevant underlying contracts. *Cf. Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 830 (2006). We therefore hold that FINSA's claims "arise from" an "alleged breach of a written contract or agreement" within the broad interpretation that this language is afforded under California law. Accordingly, Great American had no duty to defend the FINSA Action.

**AFFIRMED.**

5